IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MALYNDA M.,[1] | Case No. 3:21-cv-00366-HL |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

HALLMAN, United States Magistrate Judge:

Plaintiff Malynda B. brings this action under the Social Security Act ("the Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Social Security Income ("SSI") under Title II of the Act. 42 U.S.C. § 401 *et seq*. For the following reasons, this case is reversed and remanded for further proceedings.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name for non-governmental parties.

PAGE 1 – OPINION AND ORDER

**STANDARD OF REVIEW**

42 U.S.C. § 405(g) provides for judicial review of the Social Security Administration's disability determinations: "The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

**BACKGROUND**

**I.  Plaintiff's Application**

Plaintiff alleges disability based on bones spur; osteoarthritis in her right shoulder; complete rotator cuff tear in her right shoulder; major depression; anxiety; chronic pain;

insomnia; three herniated discs; and a torn meniscus in her right knee. Tr. 270.[2] At the time of her alleged onset date, she was 52 years old. Tr. 42. She has a high school education and past relevant work experience as a desk clerk. Tr. 41-42.

Plaintiff protectively applied for DIB and SSI on July 8, 2016, alleging an onset date of April 15, 2015. Tr. 235-48. Her application was denied initially on March 15, 2017, and on reconsideration on June 23, 2017. Tr. 118-19; 150-51. Plaintiff subsequently requested a hearing, which was held on November 29, 2018, before Administrative Law Judge ("ALJ") Cynthia D. Rosa. Tr. 52-85. Plaintiff appeared and testified at the hearing, represented by counsel; a vocational expert ("VE"), Patricia Ayerza, also testified. *Id.* On February 22, 2019, the ALJ issued a partially favorable decision in Plaintiff's favor, finding that Plaintiff was not disabled before August 1, 2017, but became disabled on that date and through the date of the decision. Tr. 23-44. Plaintiff requested Appeals Council review, which was denied on March 13, 2020. Tr. 1-6. Plaintiff then sought review before this Court.[3]

## II. Sequential Disability Process

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

---

[2] Citations to "Tr." are to the Administrative Record. ECF 9-1.

[3] The parties have consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636. ECF 21.

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. At step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c) & 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141.

At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141. At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c).

At step four, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n. 5.

Finally, at step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

### III.   The ALJ's Decision

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. Tr. 30.

At step two, the ALJ determined that Plaintiff has the following severe impairments:

> obesity, right shoulder tendinopathy and partial tear status post arthroscopic acromioplasty, rotator cuff repair and distal clavicle resection; osteoarthritis of the right knee. As of October 13, 2017, she was also diagnosed with sciatica and left shoulder strain. As of January 2018, she was further diagnosed with degenerative disc disease of the cervical spine; osteoarthritis of the knees; fibromyalgia; degenerative joint disease of the bilateral shoulders; and, degenerative disc disease of the bilateral hips (20 CFR 404.1520(c) and 416.920(c)).

*Id.*

At step three, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment since April 15, 2015. Tr. 33-34.

The ALJ then assessed Plaintiff's residual functional capacity ("RFC") before and after August 1, 2017. Tr. 34-39. Before August 1, 2017, the ALJ found that Plaintiff had the residual capacity to perform light work as defined in 20 CFR § 404.1567(b) and 416.967(b) with the following limitations:

> She can occasionally climb ramps and stairs, but never ropes, ladders or scaffolds; she can occasionally balance, stoop, crouch and kneel, but never crawl; she should avoid concentrated exposure to hazards and vibration.

Tr. 34.  Beginning on August 1, 2017, the ALJ found that Plaintiff had a residual capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 426.967(2) with the following limitations:

> she can occasionally climb ramps and stairs, but never ropes, ladders or scaffolds; she can occasionally balance, stoop, crouch, kneel, but never crawl; she can occasionally reach overhead bilaterally; she should avoid concentrated exposure to hazards and vibration.

Tr. 39.

At step four, the ALJ found that Plaintiff could have performed her past relevant work as a desk clerk before August 1, 2017.  Tr. 41.  Beginning August 1, 2017, the ALJ determined that Plaintiff could not perform her past relevant work.  Tr. 43.

Before August 1, 2017—considering Plaintiff's age, education, work experience, and RFC—the ALJ found at step five that a significant number of jobs existed in the national economy that Plaintiff could have performed, including work as a mailroom sorter, cashier, and self-service attendant.  Tr. 42.  Beginning on August 1, 2017, the ALJ determined at step five that there are no jobs that exist in significant numbers in the national economy that Plaintiff could perform.  Tr. 43.

Thus, the ALJ concluded that Plaintiff was not disabled before August 1, 2017, but she became disabled on that date and continued to be disabled through the date of the ALJ's decision.  Tr. 43.

## DISCUSSION

Plaintiff argues that the ALJ committed two errors in concluding that Plaintiff was not disabled before August 1, 2017: (1) failing to consider the medical opinions of Dr. Thomas P. McWeeney, M.D., and Dr. Bart Rask, M.D., and (2) rejecting Plaintiff's subjective symptom testimony regarding her physical limitations.  Pl.'s Open. Br. 5-21, ECF 12.  Plaintiff requests

PAGE 6 – OPINION AND ORDER

that the Court credit the improperly rejected evidence as true and remand for an immediate payment of benefits. *Id.* at 21.

The Commissioner concedes that the ALJ committed harmful error in failing to discuss the opinions of Dr. McWeeney and Dr. Rask.[4]  Def.'s Br. & Mot. Remand 2-7, ECF 18.  Thus, the sole issue on review is the proper legal remedy.  Upon review of the record, the Court finds that remand for further proceedings is proper.

## I.     Credit-as-True Standard

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987).  Generally, when the ALJ denies benefits and the court finds error, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)).

In a number of cases, however, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits when [the three-part credit-as-true standard is] met." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (citations omitted).  The credit-as-true standard is met if three conditions are satisfied:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Id.* at 1020 (citations omitted).  Even when the credit-as-true standard is met, the district court

---

[4] The Commissioner does not concede any error as to the ALJ's evaluation of Plaintiff's subjective symptom testimony.  Def.'s Br. & Mot. Remand 6.

retains the "flexibility to remand for further proceedings when the record [evidence] as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

## II. Credit-as-True Analysis

The Commissioner concedes that the ALJ failed to provide legally sufficient reasons for rejecting evidence and that the second prong of the credit-as-true standard has been satisfied. Def.'s Br. & Mot. Remand 4. The Commissioner nevertheless argues that further proceedings are necessary because the record contains significant factual conflicts. Def.'s Br. & Mot. Remand 4. In particular, the Commissioner contends that Dr. McWeeney's and Dr. Rask's opinions conflict with the opinions of state agency medical consultants Jacqueline Farwell, M.D., and Roy Brown, M.D. *Id.*

In April 2015, Dr. Rask opined that Plaintiff was limited to light work with a one-pound lifting limit. Tr. 387. He further noted that Plaintiff should not lift her right arm above her chest or use it repetitively. *Id.* In August 2016, Dr. McWeeney indicated that Plaintiff could not lift any amount of weight, perform overhead work, or push and pull with her right arm. Tr. 519. He further opined that Plaintiff could only perform sedentary work. *Id.* Subsequently, two state agency examiners, Dr. Farwell and Dr. Brown, opined that during the relevant period, Plaintiff could have performed light work that involved occasionally lifting twenty pounds, frequently carrying ten pounds, sitting and standing for six hours, and walking for six hours in an eight-hour workday. Tr. 86-101, 94, 97, 127-28, 131.

The Commissioner concedes that the ALJ committed harmful error in failing to discuss the opinions of either Dr. McWeeney or Dr. Rask in determining Plaintiff's limitations before August 1, 2017. Def. Br. & Mot. Remand 3. The Court agrees with the Commissioner's contention that further proceedings are necessary because the record contains significant factual

PAGE 8 – OPINION AND ORDER

conflicts. The Ninth Circuit has observed that "[w]here there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014). Here, conflicting medical evidence exists that concerns an essential factual issue: the scope of Plaintiff's limitations before August 1, 2017.

Plaintiff asserts that the conflicting medical opinions are not significant enough to justify further proceedings. Pl.'s Reply Br. 4-7. The Court disagrees. Here, the ALJ assigned moderate weight to both state agency examiners' opinions concerning Plaintiff's limitations before August 1, 2017. Tr. 36. In relying on those opinions, the ALJ computed Plaintiff's RFC and determined that Plaintiff could have performed light work before August 1, 2017. Tr. 34. The ALJ did not, however, discuss or meaningfully evaluate either Dr. McWeeney's or Dr. Rask's opinions in her decision. And, as noted above, the relevant medical opinions provided conflicting evidence of Plaintiff's limitations before August 1, 2017.

The conflicting medical opinions concerning Plaintiff's limitations before August 1, 2017, present a significant conflict that warrants further proceedings. Although Plaintiff points to several cases for the proposition that the mere presence of conflicting medical opinions does not preclude the application of the credit-as-true rule, Pl.'s Reply Br. 3-4, ECF 19 (citing *Garrison*, 759 F.3d at 1021-23; *Benecke v.* Barnhart, 379 F.3d 587 (9th Cir. 2004)), she does not identify cases that involve an ALJ's failure to discuss relevant, conflicting medical opinions. Here, the ALJ failed to discuss either Dr. McWeeney's or Dr. Rask's opinions, so additional proceedings would serve a useful purpose to resolve the factual conflicts bearing on Plaintiff's disability determination before August 1, 2017. *See Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015) (remanding for further proceedings because conflicting medical opinions raised

significant questions regarding the extent of the plaintiff's impairments); *Sharon C. v. Comm'r of Soc. Sec.*, 3:21-CV-00862-JR, 2022 WL 898617, at *4 (D. Or. Mar. 28, 2022) (remanding for further proceedings when the ALJ failed to meaningfully address a medical opinion and when the record contained conflicting medical opinions). Thus, the first element of the credit-as-true analysis has not been met, and a remand for immediate payment of benefits is inappropriate.

Additionally, Plaintiff argues that because the ALJ committed harmful legal error in failing to discuss Dr. Weeney's opinion, the Court should credit the medical opinion regarding the extent of Plaintiff's limitations as true. Pl.'s Reply Br. 7-9, ECF 19. Plaintiff further asserts that if Dr. McWeeney's opinion is deemed true, then the ALJ would have been required to find Plaintiff disabled before August 1, 2017. *Id.* at 8 n.1. However, as the Ninth Circuit has observed in rejecting an identical argument, "this reverses the required order of analysis." *Dominguez*, 808 F.3d at 409. Instead, a "district court must 'assess whether there are outstanding issues requiring resolution *before* considering whether to hold that the claimant's testimony is credible is a matter of law.' If such outstanding issues do exist, the district court cannot deem the erroneously disregarded testimony to be true; rather, the court must remand for further proceedings." *Id.* (quoting *Treichler*, 775 F.3d at 1105) (emphasis in original). Given that outstanding issues exist,[5] a remand for further proceedings is appropriate in this instance.

---

[5] The Commissioner further contends that—although it does not concede any error with respect to the ALJ's evaluation of Plaintiff's subjective symptom testimony—further proceedings are necessary because factual disputes exist concerning Plaintiff's activities and her subjective symptom testimony, which creates serious doubt of Plaintiff's disability before August 1, 2017. Def.'s Br. & Mot. Remand 5-6 (citing *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). Because the Court already concludes that the first element of the credit-as-true analysis is not met and that the case should be remanded for further proceedings, the Court declines to discuss whether this alternative basis also would also warrant remand for further proceedings. Additionally, on remand, the Commissioner must reconsider Plaintiff's subjective symptom testimony in further proceedings.

PAGE 10 – OPINION AND ORDER

### III. Remedy

Because the credit-as-true standard is not met, this case is remanded for further proceedings. *See Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014). The Court finds that significant factual conflicts exist, making remanding for an immediate payment of benefits inappropriate. Accordingly, this case is remanded for further administrative proceedings to: (1) re-evaluate Plaintiff's residual functional capacity; (2) in doing so, explain the weight given to all the opinion evidence of record, including the opinions of Dr. McWeeney and Dr. Rask; (3) reassess Plaintiff's subjective symptom testimony; (4) if warranted by the expanded record, obtain supplemental vocational expert evidence to clarify the effect of the assessed limitations on Plaintiff's ability to perform other work in the national economy; and (5) offer Plaintiff the opportunity for a hearing, address the additional evidence submitted, take any further action necessary to complete the administrative record, and issue a new decision concerning Plaintiff's disability status before August 1, 2017.

### CONCLUSION

Based on the foregoing, pursuant to 42 U.S.C. § 405(g), sentence four, the Court REVERSES and REMANDS for further proceedings.

IT IS SO ORDERED.

DATED this 24th day of August, 2022.

ANDREW HALLMAN
United States Magistrate Judge